**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **JAMES DURAN,** | |
| **Petitioner,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **UNITED STATES OF AMERICA,** | **Case No.  1:08CV44 DAK** |
| **Respondent.** | |

This matter is before the court on several motions filed by *pro se* petitioner, James Duran.   First, Mr. Duran has filed a Motion to Proceed In Forma Pauperis and a Request for Appointment of Counsel.   There is no need to address the Motion to Proceed in Forma Pauperis because there is no filing fee required for § 2255 petitions.  Regarding his request for counsel, however, Petitioner, is not automatically entitled to counsel to pursue his § 2255 motion.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).   Only when an evidentiary hearing is required is a petitioner entitled to counsel.  *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 322, 333 (10th Cir. 1994).   The court finds, at this juncture, that no evidentiary hearing is required, and thus counsel will not be appointed.   If the court later determines that an evidentiary hearing is required, the court will reconsider Mr. Duran's request for counsel.

Next, Mr. Duran has filed a Motion for Transcript, requesting the transcript from a status conference held before the Honorable David K. Winder on June 10, 2004.   The minute entry

1

relating to that court proceeding reflects that the court denied a motion for reconsideration and set the trial date.  Under 28 U.S.C. § 753(f), a defendant bringing a § 2255 claim is entitled to a fee trial transcript provided that he demonstrates he is indigent and that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." While the court finds that Mr. Duran is indigent, as demonstrated in his previous criminal case, he has not demonstrated that this transcript is necessary to decide any issue presented by his § 2255 petition.   If the transcript is necessary to decide the § 2255 petition, Mr. Duran may file a new motion for the transcript, explaining why the transcript of this status conference  is necessary for the court to decide his  § 2255 petition.

He also has requested copies of all financial affidavits in support of indigency and responses of confirmation as to free trial transcripts.  There is no record in this case of any financial affidavits pertaining to indigency.  There was a financial affidavit filed on December 5, 2003 in his criminal case, but because the court has found that Mr. Duran is indigent, and this record is not easily accessible, there is no need to provide this record to Mr. Duran unless he files a new motion, stating why this financial affidavit from 2004 it is needed for the present case.

Next, Mr. Duran has filed a Motion to Exceed Page Limit and a Motion for Leave to File a Memorandum in Support of § 2255 Motion.  He also filed a second Motion for Leave to File a Memorandum in Support of  § 2255 Motion.  The court will permit him to file a Memorandum in Support of his § 2255 motion, and he may file as lengthy a memorandum as he desires, keeping in mind that issues that were raised in a direct appeal to the Tenth Circuit Court of

Appeals may not be reconsidered in this proceeding, unless there was an intervening change in the applicable law.  *See United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993).  Also, there is no need to repeat arguments that have already been made in the original § 2255 petition. The memorandum supporting his § 2255 petition should be filed by October 15, 2009.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that

1.      Mr. Duran's Motion to Proceed In Forma Pauperis and a Request for Appointment of Counsel [docket # 2] is DENIED. Mr. Duran does not need to pay a filing fee for his § 2255, and for other purposes related to pursuing his § 2255 petition, the court finds that he Mr. Duran is indigent.  The court, however, will not appoint counsel at this time.

2.       Mr. Duran's Motion for Transcript [docket # 5] is DENIED;

3.      Mr. Duran's Motion to Exceed Page Limit [docket # 8] is GRANTED;

4.      Mr. Duran's  Motion for Leave to File  a Memorandum in Support of § 2255 Motion [docket #7] is GRANTED, as is his Second Motion for Leave to File a Memorandum in Support of  § 2255 Motion [docket #9].  Mr. Duran has until October 15, 2009 to file the supporting memorandum.   If more time is needed, Petitioner may request an extension of time;

5.      Mr. Duran's Motion to Request to Proceed in Propria Persona and Request for

Waiver of Payment of Transcripts/ Discovery/ and Evidentiary Reports [docket #

13] is DENIED, as explained above.

DATED this 7th day of August, 2009.

BY THE COURT:


DALE A. KIMBALL
United States District Judge