IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JAMES DURAN,<br><br>                     Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                     Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:08CV44 DAK |

       This court issued a ruling on August 7, 2009 as to six motions filed by Petitioner James Duran. Mr. Duran has now filed three additional motions and several "requests." The court will now address the various pending motions, along with the § 2255 Petition.

       In the court's August 7, 2009 Order, the court granted Petitioner an extension of time–until October 19, 2009– to file a "memorandum in support" of his petition,[1] even though Petitioner had already filed a 25-page petition, along with a voluminous compilation of exhibits. On October 1, 2009, Petitioner filed a Motion for Extension of Time to File Memorandum,[2] claiming that the court had not yet ruled on a "request" to conduct discovery.[3] Plaintiff had filed this "request" on September 4, 2009, but because it was characterized as a "request," it did

---

[1] *See* Docket No. 15.

[2] *See* Docket No. 17.

[3] *See* Docket No. 16.

1

not appear on the court's "motion" report and therefore the court was unaware of its existence. In the "request," Petitioner claimed that he needed all documents from his criminal case that were in the possession of his five previous attorneys, along with all transcripts of all proceedings, statements of all witnesses who were interviewed, along with over twenty other items. Petitioner has not demonstrated why any of these documents would be necessary to show that his sentence is unconstitutional under § 2255. The court has already ruled that, under 28 U.S.C. § 753(f), a defendant bringing a § 2255 claim is entitled to a free trial transcript provided that he demonstrates he is indigent and that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Mr. Duran, however, has not demonstrated that such transcripts are needed and this "request" is therefore denied. Mr. Duran's motion for an extension of time is moot because he filed his memorandum in support on October 19, 2009, along with a variety of exhibits.[4]

Subsequently, on November 2, he filed a "Request for Leave to Amend Type-o's and Submit Page 28 and 38 of Memorandum in Support."[5] On November 9, 2009, Mr. Duran then filed a "Motion of Request," requesting records of all prior proceedings and asking the court a variety of other questions and requesting that the court rule on his motions.[6] Since that time,

---

[4] *See* Docket Nos. 18, 19.

[5] *See* Docket Nos. 21, 22.

[6] *See* Docket No. 24. In claiming that he needs all the various documents from his criminal case, he makes repeated references to his alleged inability to put forth a "defense." Mr. Duran appears to believe that he is still challenging the jury's guilty verdict.

Mr. Duran has filed a request to submit for decision and has called the court on several occasions to ask the court to rule on his motions.

To review the underlying conviction, after a three-day jury trial in October 2005, a jury found Mr. Duran guilty of all four Counts in the Superceding Indictment: Distribution of fifty grams or more of Methamphetamine; Possession of a Firearm and Ammunition by a Convicted Felon; Possession of a Firearm and Ammunition Following a Domestic Violence Conviction; and Possession of Methamphetamine with Intent to Distribute.[7]

Mr. Duran's Total Offense Level was 34, and he had a criminal history category of III. Under Count 1, 21 U.S.C. § 841(b)(1)(A) requires a minimum mandatory sentence of twenty years. Mr. Duran was sentenced on December 21, 2005, to 240 months in the custody of the Bureau of Prisons and 120 months of supervised release.[8]

Mr. Duran appealed his conviction on December 28, 2005. On January 25, 2007, the Tenth Circuit affirmed his conviction.[9] Mr. Duran filed the instant Petition on May 1, 2008 and then, after receiving leave of court, filed a Memorandum in Support on October 19, 2009.[10]

---

[7] *See* Case No. 1:03CR139, Docket Nos. 92, 93.

[8] *See* Case No. 1:03CR139, Docket No. 100.

[9] *See* Case No. 1:03CR139, Docket No. 134.

[10] Under 28 U.S.C. § 2255, the district court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez,* 100 F.3d 113, 119 (10th Cir.1996) (quotation marks and citation omitted). The court finds that the record conclusively demonstrates that Mr. Duran is entitled to no relief, and thus no evidentiary hearing will be held.

Mr. Duran appears to raise seven grounds in his § 2255 Petition. First, he claims that he received ineffective assistance of counsel "and other substantial claims that happened during proceedings." He then complains of eighteen (18) actions by his counsel that he believes constitute ineffective assistance of counsel. Several of the items relate to his contention that his counsel conceded his guilt relating to Counts 2-3 in his opening statement and closing argument. While it is true that his counsel conceded Mr. Duran's guilt as to the gun charges, counsel explained that Mr. Duran did not know that he could not possess guns/ammunition but that ignorance of the law was no excuse. Mr. Duran had no defense to those charges, and presumably his counsel was attempting to gain some credibility with the jury by not contesting charges to which Mr. Duran had no defense.[11] There is nothing about this strategic decision that constitutes ineffective assistance of counsel, and Mr. Duran has not suggested that he did have a defense to these charges. As to the remaining complaints, to the extent the court can make sense of Mr. Duran's arguments, he has not demonstrated that his counsel, at any stage of the proceedings, were ineffective.

To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A showing

---

[11] Mr. Duran does not suggest that he had a legal defense to those charges.

4

of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 690-94.

In other words, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686. For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id*. at 687. The standard of review for assessing such competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

In this case, Petitioner has not demonstrated that his counsel's performance was constitutionally deficient or that any such deficient performance was prejudicial. Moreover, counsel's performance was certainly "within the range of competence normally demanded of attorneys in criminal cases." Therefore, the court finds that Mr. Duran's claims of ineffective assistance of counsel are wholly without merit.

Second, he claims that he received an "unfair conviction obtained by prosicutorial [sic] misconduct which poisoned the atmosphere of the intire [sic] procedings [sic] of the case prosicutor [sic] (Vernon Stejskal) - Defendant (James Duran)." He claims that the prosecutor, "stalked" him, failed to issue purity test on six grams of methamphetamine, aided in prejudicing the jury toward the defendant, knowingly allowed the use of fraudulent documents and/or

5

testimony, among many other allegedly improper actions.  Again, the exhibits Mr. Duran has provided do not support these allegations, and the court finds that such allegations have no merit.

Next, Mr. Duran argues that he received an "unfair convivtion [sic] obtained by the unconstitutional failure of prosecution to disclose to the defendant evidence favorable to defendant."  Among other complaints, he claims that the prosecution withheld Jencks Act material from the court that was favorable to the defendant, which is a claim that was asserted on directed appeal and rejected by the Tenth Circuit.   As the Tenth Circuit noted, "he did not make any showing in the district court that such statements exist and he does not identify any evidence in the record before us to support a conclusion that those statements exist."  Because this issue has already been considered and disposed of on direct appeal, Petitioner may not raise this issue under § 2255.  *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1328 n.6 (10th Cir. 1993); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).   Even if the court were to consider this issue, Mr. Duran has still not provided any evidence to support that any such statements exist.

Mr. Duran next claims that he received an "unfair conviction obtained by violation of due process of law abusive descretion [sic] by court which led to improper sentence by court that deprived defendant of full proper direct appeal."  It is difficult to decipher exactly what Petitioner argues on this point, but one of his complaints regarding the court is that the court "improperly sentenced defendant where upon the court only sentenced on count one of the conviction and leaving defendant unsentenced on counts two through four in result deprived defendant of a full propper [sic] and fair appeal on all countts [sic] of said conviction."  This

statement is simply wrong. The court sentenced Mr. Duran to 240 months for all four counts of the superceding indictment, as reflected in the Judgment entered by the court.[12] It is unclear what other actions Petitioner claims the court took to deprive him of a full and fair appeal, but the court finds that Petitioner had a full and fair opportunity to appeal his conviction, and he did appeal his conviction–to no avail.

As his fifth ground, Mr. Duran complains that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure pursuant to the probable cause determination. In his Memorandum in Support, he argues that his counsel failed to raise this issue on appeal, despite Mr. Duran's request. Also, he argues that the case of *Arizona v. Gant*, decided on April 21, 2009, should apply retroactively to his criminal case, which, according to Mr. Duran, was still "open" because the court permitted him to file a Memorandum in Support in this instant case by October 19, 2009. Mr. Duran's criminal case was closed years ago–after he was sentenced on December 21, 2005. The court will not revisit its ruling on the 2005 Motion to Suppress. To the extent Petitioner is arguing that his counsel prejudiced him by failing to raise this issue on appeal, the court finds no merit to such an argument. Defendant himself raised this issue on appeal, and the Tenth Circuit found no plain error in the court's determination. His counsel's decision not to raise this issue on appeal was likely a result of determining that there was no merit to such an argument.

Next, he argues that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest. To the extent Petitioner is again arguing that his counsel prejudiced him by

---

[12] *See* Case No. 1:03CR139, Docket No. 100.

failing to raise this issue on appeal, the court finds no merit to such an argument. His counsel's decision not to raise this issue on appeal was likely a result of determining that there was no merit to such an argument. Moreover, Petitioner filed a pro se supplemental brief on appeal, but he failed to raise this issue on appeal. Therefore, the court finds that he has waived the issue.

Next, Petitioner argues generally that he received ineffective assistance of counsel on direct appeal. As stated above, representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A showing of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 690-94. For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id*. at 687. The standard of review for assessing such competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

Petitioner has failed to demonstrate that, but for counsel's alleged unprofessional errors, there is a strong probability that the result of the proceeding would have been different. His counsel's representation certainly did not fall below an objective standard of reasonableness. The fact that Petitioner's counsel may not have raised every issue requested by Petitioner does not mean that Petitioner received ineffective assistance of counsel.

Having reviewed the extensive papers filed by Petitioner, along with the record in the underlying criminal case and the decision from the Tenth Circuit Court of Appeals, the court finds that there is no merit to any of the grounds alleged in Petitioner's § 2255 motion.

### RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[13]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, and the court declines to issue a Certificate of Appealability. The Clerk of Court is directed to close this case.

DATED this 30th day of June, 2010.

BY THE COURT:

*/s/ Dale A. Kimball*
DALE A. KIMBALL
United States District Judge

---

[13] *See* Rules Governing Section 2255 Proceedings for the United States District Courts.